IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOL GROUP MARKETING COMPANY, a Florida corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>PRODUCERS CHOICE, LLC, a California limited liability company; BRIAN CAMPOS, an individual; ALLAN DAVIS, an individual; ARTHUR H. DAVIS, an individual; and DAVIS UNIQUE INVESTMENTS, LLC., a California limited liability company,<br><br>   Defendants. | Case No.: 2:13-cv-2898 DSF (PLAx)<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND PRELIMINARY INJUNCTION** |

  Upon review of the Complaint of Plaintiff, Sol Group Marketing Company ("Sol"), on file in the above-captioned action, and the declarations, exhibits, and Memorandum of Points and Authorities in support of Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction submitted therewith, and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause:

1

IT IS HEREBY ORDERED that Defendants, Producers Choice, LLC ("Producers Choice"), Brian Campos, Allan Davis, Arthur H. Davis, and Davis Unique Investments, LLC (collectively referred to herein as "Defendants") appear in Courtroom 840 of the U.S. District Court for the Central District of California, Western Division, 255 East Temple Street, Los Angeles, CA 90012 on Tuesday, April 30, 2013, at 10:00 a.m., then and there to show cause, if any they have, why they, their agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, representatives and any other person or entity in concert with them should not be restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

   A.   Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any and all existing or future inventories of food, including but not limited to inventory on hand, perishable agricultural commodities, commodities, or other products derived therefrom including frozen agricultural commodities, and/or receipts of payments for such commodities sold prior to the date of this Order, and/or otherwise disposing of assets, books or funds;

   B.   Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Sol's beneficiary interest in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. § 499e *et seq.*];

   C.   Taking any other action whatsoever which violates 7 U.S.C. § 499e(c)(1) through (4), inclusive, and 7 U.S.C. § 499b(4) [§ 2 of PACA];

   IT IS FURTHER ORDERED that Defendants, their owners, officers, directors, managers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and person acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by Order of this Court and required to

surrender PACA trust assets in the amount of at least $502,580.25, which represents the amount of the PACA Trust assets as of April 19, 2013.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing, or in any other manner removing PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to any Producer Choice's account(s) held at City National Bank, such as account number xxxxx7810, in that bank's branch located at 400 North Roxbury Drive, Beverly Hills, California 90210, and any other accounts subsequently discovered to be titled in any of Defendants' names or containing any PACA trust assets.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

D.     Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

E.     Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

F.     Taking any other action whatsoever which violates 7 U.S.C. § 499e(c)(1) through (4), inclusive, and 7 U.S.C. § 499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

3

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G. Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H. Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiff for sale and collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustees in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account in the name of the law firm.

I. Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in their possession or are obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

J. File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivables and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business-related and personal financial status, including transfers from Producers Choice, LLC to their individual accounts from January 18, 2013 for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order.  Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendants by Plaintiff or its representatives at Defendants' place of business.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours notice, Defendants and/or Defendants' other principals, owners, directors, managers, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiff is entitled to inspect under this Order, the trust assets or any of Defendants' business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that City National Bank shall release information about the above-described accounts including the amounts contained in the accounts and all transactions in any such accounts to Plaintiffs within 48 hours after service of this Order on the bank.

IT IS FURTHER ORDERED that no bond shall be required to be posted by

1  Plaintiff before the Temporary Restraining Order is effective.

2      IT IS FURTHER ORDERED that Plaintiff shall serve Defendants with copies of
3  this Order and all pleadings and other papers in support of the Order on or before Friday,
4  April 26, 2013 at 3:00 p.m., 2013 by hand delivery or Federal Express delivery with
5  verification of receipt. Defendants shall file an Opposition or a Statement of Non-
6  Opposition to the Order to Show Cause on or before 9:00 a.m. on Monday, April 29,
7  2013, and shall personally and simultaneously serve Plaintiff's counsel with a copy of
8  said Opposition by said deadline. Plaintiff shall file and serve a Reply to Defendants'
9  Opposition, if any, on or before 4:00 p.m. on Monday, April 29, 2013.

11 DATED: April 25, 2013
12 TIME: 11:36 am

15                 By:___ /s/ Dale S. Fischer
16                       U.S. DISTRICT JUDGE